IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

MARJORIE NIXON,

                Plaintiff,              Case No. 3:09 CV 502

   -vs-

                                          <u>MEMORANDUM OPINION</u>

MEDMARC CASUALTY
INSURANCE COMPANY,

                Defendant.

KATZ, J.

     This matter is now before the Court on the motion for summary judgment filed by Defendant, Medmarc Casualty Insurance Company (Doc. 21); a response and cross-motion for summary judgment filed by Plaintiff, Marjorie Nixon (Doc. 49); and the Plaintiff's motion to amend the Complaint (Doc. 55). Defendant's motion for summary judgment will be granted, and the remaining motions denied.

**I. Background**

     The present case grows out of an earlier action, *Nixon v. Med-El Corporation* (N.D. Ohio No. 3:05-CV-07299), which was filed on July 19, 2005. In that case, Plaintiff was able to obtain a default judgment against one of the two defendants, Symphonix Devices, Inc., on March 28, 2006. Plaintiff's claim against the other defendant, Med-El was dismissed on summary judgment pursuant to Fed. R. Civ. P. 56(b), on the ground that there was no genuine issue of material fact with regard to Plaintiff's claims against Med-El, and Med-El was therefore entitled to judgment as a matter of law. Plaintiff, indeed, did not file a response to Med-El's summary judgment motion.

     Plaintiff now brings this action against Defendant, Symphonix's liability insurance carrier, pursuant to Ohio Rev. Code § 3929.06, in an attempt to collect on her default judgment against Symphonix.

**II. Summary Judgment Standard**

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the initial responsibility of "informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The movant may meet this burden by demonstrating the absence of evidence supporting one or more essential elements of the non-movant's claim. *Id.* at 323-25. Once the movant meets this burden, the opposing party "must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (quoting Fed. R. Civ. P. 56(e)).

Once the burden of production has so shifted, the party opposing summary judgment cannot rest on its pleadings or merely reassert its previous allegations. It is not sufficient "simply [to] show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rather, Rule 56(e) "requires the nonmoving party to go beyond the pleadings" and present some type of evidentiary material in support of its position. *Celotex*, 477 U.S. at 324; *see also Harris v. General Motors Corp.*, 201 F.3d 800, 802 (6th Cir. 2000). Summary judgment must be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

"In considering a motion for summary judgment, the Court must view the facts and draw all reasonable inferences therefrom in a light most favorable to the nonmoving party." *Williams v. Belknap*, 154 F. Supp. 2d 1069, 1071 (E.D. Mich. 2001) (citing *60 Ivy Street Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987)). However, "'at the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter,'" *Wiley v. U.S.*, 20 F.3d 222, 227 (6th Cir. 1994) (quoting *Anderson*, 477 U.S. at 249); therefore, "[t]he Court is not required or permitted . . . to judge the evidence or make findings of fact." *Williams*, 154 F. Supp. 2d at 1071. The purpose of summary judgment "is not to resolve factual issues, but to determine if there are genuine issues of fact to be tried." *Abercrombie & Fitch Stores, Inc. v. Am. Eagle Outfitters, Inc.*, 130 F. Supp. 2d 928, 930 (S.D. Ohio 1999). Ultimately, this Court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-52; see also *Atchley v. RK Co.*, 224 F.3d 537, 539 (6th Cir. 2000).

### III. Discussion

#### *A. Cross-motions for Summary Judgment*

As noted above, Plaintiff claims that Defendant is liable for the default judgment she received against Symphonix pursuant to Ohio Rev. Code § 3929.06, which provides that:

> If a court in a civil action enters a final judgment that awards damages to a plaintiff for injury, death, or loss to the person or property of the plaintiff or another person for whom the plaintiff is a legal representative and if, at the time that the cause of action accrued against the judgment debtor, the judgment debtor, was insured against liability for that injury, death, or loss, the plaintiff or the plaintiff's successor in interest is entitled as judgment creditor to have an amount up to the remaining limit of liability coverage provided in the judgment debtor's policy of liability insurance applied to the satisfaction of the final judgment.

Ohio Rev. Code § 3929.06(A)(1).

3

However, "[t]he rights of an injured judgment creditor against an insurer in a supplemental petition cannot rise above the rights of the insured against the insurer." *Walker v. Buck*, 86 Ohio App.3d 846, 848 (1993) (Cook, J.). Thus, "[i]n a supplemental petition, R.C. 3929.06, the insurance company may raise any defense that it would have against the insured." *Id*. at 849.

One such defense, raised by Defendant here, is failure to comply with the notice provisions of the insurance contract. "A party claiming insurance coverage has the burden of establishing compliance with all provisions of the insurance policy which are precedent to his right to recover." *Walker*, 86 Ohio App.3d at 849 (quoting *Felicity-Franklin Bd. of Edn. v. Nationwide Mut. Ins. Co.*, 56 Ohio Misc.2d 19, 21 (1989)). Defendant's insurance policy with Symphonix required the insured to "[i]mmediately send [Defendant] copies of any demands, notices summonses or legal papers received in connection with the claim or 'suit.'" (Doc. 21-2 at 35).

In this case, it is not disputed that Defendant was not provided with notice of Plaintiff's claim until March 20, 2008, nearly two years after the entry of default judgment against Symphonix. Plaintiff has attached a letter, dated March 24, 2005, to the Complaint in this case to her counsel, Michael Portnoy, from Randall Adams, attorney for Med-El. In the letter, Adams states that he has "encouraged my contacts at MED-EL to turn over Ms. Nixon's claim to MED-EL's insurance carrier, as well as any insurance carrier of Symphonix." (Doc. 1 at 4). But it is clear that Adams' "contacts" did not notify Symphonix's insurance carrier of the suit. Although Plaintiff angrily charges that Adams "either intentionally or negligently" failed to deliver on his "promise" to alert Symphonix's unidentified insurance carrier of her suit, it was clearly not reasonable for Plaintiff's counsel to rely on Adams's vague assurances in this regard, instead of actively investigating the identity of Symphonix's insurance carrier himself. Indeed, Plaintiff offers

4

no explanation of why it took so long for her to discover the identity of Symphonix's insurance carrier.

Moreover, it is clear that Defendant was prejudiced by Plaintiff's failure to notify it of her suit against Symphonix. Symphonix put up no defense to Plaintiff's suit, and default judgment was entered against it. Defendant's lack of notice of the suit entirely deprived it of the opportunity to put up a defense.

Therefore, Defendant's motion for summary judgment is well-taken.

### *B. Plaintiff's Motion to Amend the Complaint*

Plaintiff has also moved to amend the Complaint to add Med-El as a party, on the basis of an asset purchase agreement between Med-El and Symphonix. This motion is not well-taken. Plaintiff's proposed amendment would be futile, as Plaintiff pursued, unsuccessfully, her theory that Med-El is liable to her pursuant to the asset purchase agreement with Symphonix in the previous *Nixon v. Med-El Corporation* action ((N.D. Ohio No. 3:05-CV-07299). Plaintiff's claims against Med-El in that suit were dismissed at the summary judgment stage.

### **IV. Conclusion**

For the foregoing reasons, Defendant's motion for summary judgment (Doc. 21) is granted. Plaintiff's cross-motion for summary judgment (Doc. 49) and motion to amend the Complaint (Doc. 55) are denied.

IT IS SO ORDERED.

   s/ *David A. Katz*
DAVID A. KATZ
U. S. DISTRICT JUDGE